28 C.C.P.A.(Patents)

In re PRUTTON et al.

Patent Appeal No. 4526.

Court of Customs and Patent Appeals.

June 9, 1941.

"1. A lubricating composition including as a principal lubricating constituent the combination of both added sulphur in solution in active form and a separate halogenated petroleum fraction."

The references cited are:

Miller et al., 2,156,265, May 2, 1939.

Prutton et al., 2,178,513, October 31, 1939.

For the purposes of this appeal the subject matter here involved is sufficiently described in the above-quoted claim.

It is conceded by appellants that the claims before us are substantially co-extensive with claims of the Miller et al. patent, application for which was filed on November 21, 1933.

The patent to appellants, serial No. 2,178,513, was issued on an application filed December 4, 1934, serial No. 755,988. This application disclosed but did not claim the subject matter of the claims before us.

Appellants' application here directly involved was filed on October 4, 1939. It alleges that it is a continuation in part of application No. 755,988, and also of application No. 649,734, filed December 31, 1932, upon which a patent, No. 2,213,532, was issued on September 3, 1940. This last-named patent does not disclose the invention here involved.

It appears that appellants had been involved in an interference, No. 69,595, with applications of other parties, including the application of Miller et al. upon which the Miller et al. patent reference here involved was issued on May 2, 1939.

This interference was originally declared on October 18, 1934, between an application of Prutton, Smith and Harry E. Johnson (Prutton and Smith being the appellants here), serial No. 744,600, being a division or continuation of application of Prutton and Smith, No. 649,734, filed December 31, 1932, and two applications, one by Philip L. Carter and the other by Carl L. Johnson. Later this interference was reformed and redeclared, the Miller et al. application and two other applications being added thereto.

On March 25, 1935, this interference was again reformed by the substitution of the application of Prutton and Smith, serial No. 755,988, filed December 4, 1934, for the joint application of Prutton, Smith and Johnson, No. 744,600, aforesaid.

On October 7, 1935, appellants moved to add to the interference their applica-

Oberlin, Limbach & Day, of Cleveland, Ohio (O. C. Limbach and A. S. Nelson, both of Cleveland, Ohio, of counsel), for appellants.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting all of the claims, seven in number, of appellants' application for a patent.

Claim 1 is illustrative of the subject matter of the claims and reads as follows:

tion serial No. 649,734, filed December 31, 1932, for the purpose of shifting the burden of proof and making appellants the senior party to the interference upon the sole count of the interference then involved.

Upon the same date appellants moved to add further counts to the interference.

On December 26, 1935, the Primary Examiner denied appellants' motion to add further counts to the interference, and with respect to appellants' motion to add to the interference their application No. 649,734, the examiner stated:

"The party Prutton and Smith moves under Rule 109 to add application Ser. No. 649,734 to the interference, and under Rule 122 to shift the burden of proof. This is understood to be intended as a motion to substitute.

\* \* \*

"The motion of Prutton *is* [to] substitute application Ser. No. 649,734, and to shift the burden of proof is granted."

Appellants appealed from the decision of the Primary Examiner denying their motion to add counts to the issue. The Board of Appeals on July 6, 1936, affirmed the decision of the examiner, and with respect to appellants' motion to add their application No. 649,734, stated:

"In so far as this interference is concerned, applicants wanted to add the earlier case in order to shift the burden of proof. The decision of the examiner effects this result by substituting the earlier case for the later one in this interference. In fact, this action puts the interference back where it started in September, 1934, where Prutton et al. relied on the parent case, Serial No. 649,734.

\* \* \*

"The decision of the examiner referring the right of Prutton et al. to make proposed counts 1 to 3 to the earlier case, Serial No. 649,734, was correct, since the circumstances permitting a party to have two applications in one interference do not exist here. \* \* \*"

On August 7, 1936, the Primary Examiner entered the following order reforming the interference:

"Examiner of Interference.
"Sir:
"Interference No. 69,595, Prutton et al. v. Carter v. Johnson v. Smith v. Miller et al. v. Sullivan et al. is reformed by the substitution of the application of Carl F. Prutton and Albert K. Smith, Ser. No.

*649,734* filed December 31, 1932, for Lubricating Composition, for the application Ser. No. 755,988 of Carl F. Prutton and Albert R. Smith formerly involved in the interference. The attorney and assignee are the same, as well as the post office address.

"The issue of the interference remains the same.

"The relation of the count of the interference to the claims of Prutton and Smith is as follows:

| Count. | Prutton and Smith. |
|--------|--------------------|
| 1      | 95"                |

So far as the record shows, appellants never made any objection to this order before the tribunals of the Patent Office.

By reason of appellants' application No. 649,734 being filed earlier than the applications of any of the other parties to the interference, appellants became the senior party.

Apparently two of the parties, Carter and Johnson, were eliminated from the interference upon an order to show cause why judgment on the record should not be entered against them.

The decision of the Examiner of Interferences awarding priority of invention upon the single count there in issue reads as follows:

"The date set for final hearing in this case having passed, and Miller and Smith, and Sullivan and Shelley, the junior parties, having failed to file any printed copies of their testimony within the time allowed for that purpose, priority of invention of the subject matter in issue is hereby awarded to Carl F. Prutton and Albert K. Smith, the senior party.

"Limit of appeal: July 6, 1937."

No appeal was taken from said decision and it became final.

The claims now before us were rejected by the examiner on the patent to Miller et al. as prior art. The examiner further held that appellants were estopped to overcome as a reference the Miller et al. patent. In the statement of the examiner we find the following:

"It is the Examiner's position that Miller et al. are the first and only inventors of the invention in question in so far as the record shows.

"If the argument of applicant is understood they do not seek interference. Obviously, in view of their subsequent apparent date, if they seek interference, they

should proceed under Rule 94 to establish a date prior thereto. However, applicants now are precluded from such action by operation of estoppel under Rule 109. Having been involved in interference with Miller et al. as junior parties with respect to the subject matter here in question, the duty devolved upon applicants of including by suitable motion all common subject matter which they intended to claim. Having failed to bring such motion, applicants now are precluded from having a second interference set up between the same parties.

\* \* \*

"The interference, No. 69,595, was terminated by an award of priority. This award related to the subject matter that was involved in the interference. Any remaining *common* subject matter in the application goes to the senior party. However, if the junior party has in his application certain subject matter which is *not* contained in the application of the senior party, the junior party may, notwithstanding the adverse decision, issue claims limited to that subject matter which the senior party lacks, provided, of course that the junior party can establish a patentable distinction.

"Such is the situation in the present case. Miller disclosed in his application a combination of mineral oil, *chlorinated wax*, and a certain type of sulfur. Prutton did not disclose chlorinated wax. After the interference Miller established the fact that the chlorinated wax combination produced a markedly superior result. This invention is Miller's and Miller's alone. Accordingly patent No. 2,156,265 was issued to Miller containing claims restricted to this invention.

"Applicants' contention is based on the fact that they have another application which discloses the subject matter of the Miller claims. But this application (Ser. No. 755,988) was filed Dec. 4, 1934, more than a year *subsequent* to the Miller application. Manifestly, with respect to the subject matter of the Miller claims, applicants do not have seniority.

"Applicants further point out that this junior application was *at one time* involved in interference with the Miller application. But *at the time the decision was rendered the said junior application was not involved.* Had the junior application been involved, on the facts on record, applicants could not possibly have been adjudged the senior party. The interference in which applicants' junior case was involved did not establish anything by virtue of testimony, but was based on the fact that neither party had adduced any testimony carrying back the dates to a reduction to practice prior to the dates of filing of the respective applications. In other words, the decision simply found as facts that applicants filed Ser. No. 649,734 in 1932 and Miller filed in 1933. The decision cannot possibly be construed as holding that applicants filed Serial No. *755,988* in 1932; nor can the decision be construed as appliable to the present subject matter. The decision covered only such dates and such subject matter as were before the Examiner of Interference."

The Board of Appeals in its decision stated:

"The claims have been rejected on the Miller et al. patent on the ground of estoppel, applicants having at one time been involved in Interference No. 69,595 with the Miller et al. patent application on a different issue including a halogenated organic ring compound. Priority in the interference was awarded to applicants, Prutton et al., on June 4, 1937.

"The Miller et al. patent issued with claims to a different composition, the main ingredient of which was chlorinated petroleum or *praffin* [paraffin] wax.

"The position of the examiner is that the claims on appeal are directed to the invention of the claims of the Miller et al. patent, the difference being only one of language. Prutton et al. do not deny this to be a fact.

\* \* \*

"When the Prutton et al. application, Serial No. 649,734, was substituted for application, Serial No. 755,988, (Paper No. 52, Interference No. 69,595), appellants made no motion in the interference proceedings to declare an interference on the subject matter of the claims of the Miller et al. patent and we regard Rule 116 as controlling that Miller et al., the senior party, may be regarded as the prior inventors of the subject matter of the claims here on appeal and more briefly expressed in the claims of the Miller et al. patent. In any event, we consider Prutton et al. estopped at this time to contest an interference with Miller et al. and the Miller et al. patent is to be considered as prior art as to Prutton et al.

"Why the rule of estoppel was not applied against Miller et al. is beside the

point. In any event, Miller et al., who was the senior party as to the subject matter here on appeal, are protected by Rule 116 to the extent that they shall not be deprived of their invention merely because the claims of their patent were not added for interference by amendment under Rule 109.

"According to the examiner, the Miller et al. patent claims were allowed because he considered them patentable over the interference issue."

To recapitulate this rather involved situation, the interference as originally declared involved, inter alia, the application of Miller et al. upon which their patent was issued, disclosing the invention here involved, and an application of appellants which presumably did not involve the invention as it was a division of an earlier application (No. 649,734) which it is conceded did not disclose the invention here involved. Later, on appellants' motion, an application of theirs, No. 755,988, filed subsequent to the Miller et al. application, was substituted for the application originally involved in the interference. This substituted application disclosed but did not claim the involved invention. Still later, on motion of appellants to add to the interference, for the purpose of shifting the burden of proof, appellants' application No. 649,734, indirectly involved in the interference as originally declared, said application No. 649,734 was substituted by the examiner for appellants' application No. 755,988. This was done, as hereinbefore stated, on August 7, 1936, and from that time forward there was no application of appellants in the interference that disclosed the invention herein involved, and so far as the record shows appellants never made any claim to the invention here involved until October 4, 1939, more than five months after the Miller et al. patent was issued.

It is plain from the foregoing that, as the interference stood when finally decided, there could have been no award of priority to appellants upon the invention here involved, for their application did not disclose it.

We know of but two ways under the rules of the Patent Office by which a patent, the application for which antedates the application of an applicant, can be overcome as a prior art reference.

1. If the patent discloses but does not claim the invention claimed by the applicant, the applicant may make an affidavit under rule 75, 35 U.S.C.A. Appendix, showing that he was the prior inventor.

2. If the patent claims the invention claimed by the applicant, the applicant may make an affidavit under rule 94 alleging that he made the invention before the filing date of the patentee, and asking that an interference be declared.

We have, in effect, so held in the cases of In re Smith, 36 F.2d 522, 17 C.C.P.A., Patents, 752, and In re Wagenhorst, 62 F.2d 831, 20 C.C.P.A., Patents, 829.

Appellants could not, of course, avoid the Miller et al. patent by an affidavit under rule 75, for that patent clearly claims the invention here involved. Appellants have not copied any of the claims of the Miller et al. patent, have not filed an affidavit under rule 94, and apparently do not desire an interference with that patent.

Therefore, we might content ourselves with affirming the decision of the Board of Appeals upon the ground that appellants have not overcome the Miller et al. reference as prior art.

However, the Primary Examiner further held that appellants were not entitled to copy the claims of the Miller et al. patent and have an interference with the same, even though they made an affidavit under rule 94, by reason of the operation of estoppel under rule 109, and in this holding the examiner cited and relied upon the proceedings in interference No. 69,595, hereinbefore set out. So far as appears from the record, had the examiner not passed upon the question of appellants' estoppel, no issue with respect to said interference proceedings would ever have arisen. Appellants' application makes no reference to them.

It is appellants' contention that the award to them of priority of invention of the count involved in interference No. 69,595 constituted an estoppel by judgment, or res adjudicata, against Miller et al., not only as to the claim for the invention which was actually a count in the interference, but also as to common subject matter disclosed in the application of Miller et al. and in any application of appellants which had been involved in the interference, and that, appellants being the winning party in the interference, there was no estoppel as to them.

Appellants rely upon the case of Blackford v. Wilder, 28 App.D.C. 535, 550. We

are clear that the cited case has no application to the case at bar. In that case the court stated: "To sum up: The parties are the same. The applications are the same, and disclose the invention of each issue. The contructions relied on, respectively, as evidencing conception and reduction to practice of the invention of both issues are the same. The fundamental facts of both cases are the same. Applying the well-settled principle of estoppel by judgment, before stated, it follows inevitably that the final decision in the first interference is conclusive, unless it can be made to appear that the question upon which the determination of the second case rests is one that neither was nor could have been presented and determined in the first case."

In the case of In re Curtiss, 46 App.D.C. 183, 190, the court quoted the foregoing from the case of Blackford v. Wilder, supra, and then stated: "But these broad rules apply only where not only the cause of action is the same, but where the claim or demand in controversy is the same. * * *"

In the case at bar, when the award of priority to appellants was made in interference No. 69,595, the only application of appellants that was involved was application No. 649,734, which did not disclose the invention here involved. Appellants' application No. 755,988 had been eliminated from the interference by the substitution of their application No. 649,-734. Therefore, as the interference stood at the time decision was made therein, the question of priority of the invention here involved could not have been determined because it was not disclosed in the only application of appellants which was then involved in the interference. The substitution of appellants' application No. 649,734, which did not disclose the invention here involved, for their application No. 755,988, which did disclose it, was equivalent to a dissolution of the interference so far as application No. 755,988 was concerned, and it was no doubt upon that theory that amended rule 116 of the Patent Office was invoked by the Board of Appeals.

While appellants' counsel before us contend that their application No. 755,988 was in the interference at the time the award of priority was made, and that their application No. 649,734 was merely added to the interference, the record before us is to the contrary, as we have hereinbefore noted.

There being no estoppel against Miller et al. by judgment, for the reasons above stated, we will next inquire whether there existed an estoppel in pais against appellants. Undoubtedly, had appellants in their application No. 755,988 made claims to the involved invention and sought to place them in interference with the Miller et al. application, under rule 109, such a motion would have been granted; and in such case said application No. 755,988 would not have been eliminated from the interference. If this had been done, and had appellants relied upon the filing dates of their applications, priority of the invention here involved would have been awarded to Miller et al., and priority of the invention which was actually involved in the interference would have been awarded to appellants.

Appellants not having brought forward claims to the involved invention in the interference when appellants' application No. 755,988 was involved therein, they are clearly estopped from making such claims in this ex parte proceeding. In re Austin, 40 F.2d 756, 17 C.C.P.A., Patents, 1202; In re Shimer, 69 F.2d 556, 21 C.C.P.A., Patents, 979; Avery v. Chase, 101 F.2d 205, 26 C.C.P.A., Patents, 823.

As hereinbefore indicated, when appellants' application No. 649,734 was substituted for their application No. 755,988, the interference was in effect dissolved as to said last-named application, and the provisions of Patent Office rule No. 116 became applicable. Rule 116, in force at the time of the said substitution, reads as follows:

"Rule 116. The parties to an interference will be presumed to have made their inventions in the chronological order in which they filed their completed applications for patents clearly disclosing same; and the burden of proof will rest upon the party who shall seek to establish a different state of facts.

"The termination of the interference by dissolution under rule 122 without an award of priority shall not disturb this presumption, and a party enjoying the status of a senior party with respect to any subject-matter of his application shall not be deprived of any claim to such subject-matter solely on the ground that such claim

was not added to the interference by amendment under rule 109."

In conclusion, regardless of the application of rule 116, it is clear to us that the decision of the Board of Appeals should be affirmed. It is true that the application of the doctrine of estoppel under rule 109 sometimes results in an award of priority to one who is not in fact the first inventor; but in the case at bar, so far as the record discloses, this is not so. Appellants are seeking to secure a patent upon an invention which apparently was first made by Miller et al. Appellants never attempted to contest priority with Miller et al. with respect to the invention here involved; but because they were awarded priority as to a different invention, upon an application which did not disclose the invention here involved, they seek to secure a patent upon an invention which, so far as the record before us is concerned, they were not the first to make.

The decision of the Board of Appeals is affirmed.

Affirmed.